97, 98. An amendment ought not to be made after the term next after the filing of the declaration. 1 Wils. 149; 1 Cromp. Prac. 105. After plea no new count can be added. Sayer, 97, 151, 172; 1 Cromp. Prac. 106. In the case of Rex v. Wilkes, Lord Mansfield said no amendment in matter of substance ought to be made. The reason why he permitted an amendment in that case was, that the defence was not altered, nor the charge varied. If the amendment would make any difference in the judgment, it ought not to be admitted. The proposed amendment changes the parties.

Mr. Mason, in reply. The practice has been relaxed since the time of the authorities read by Mr. Lee. The proceedings in civil suits may be amended at any time before trial. The question, to whom the penalty is to accrue, has nothing to do with the offence, nor does it alter the plea. 2 Hawk. P. C. 397. The conclusion from the case in Hawkins is, that when a man is convicted of the offence, and the forfeiture incurred, if the judgment state the forfeiture as accruing to a wrong person, the judgment may be corrected. In the cases of King v. King and King v. Charlesworth, in Burrows' Reports, the amendments were of substance. Rex v. Holland, 4 Term R. 457, 458.

[See Case No. 16,967.]

KILTY, Chief Judge, and CRANCH, Circuit Judge, allowed the amendment to be made.

MARSHALL, Circuit Judge, contra. The grounds upon which the court allowed this amendment were, that it was not in a matter of substance. An information is in the nature of an indictment. The object is the punishment of the offender. The fact, therefore, is the substance of the charge, and the person to whom the benefit is to accrue is immaterial. It differs from an action of debt brought by the commonwealth for the penalty. There the right of action is in consequence of the clause designating to whom the penalty shall accrue. It is part of the plaintiff's title; and, if by law, the penalty did not accrue to the plaintiff, he could not recover. But, here the offender ought to be convicted whether the penalty accrue to the commonwealth or not.

---

## Case No. 16,966.

### VIRGINIA v. SMITH.

[1 Cranch, C. C. 46.][1]

Circuit Court, District of Columbia. Jan. Term, 1802.

INTOXICATING LIQUORS—ILLEGAL SALES.

The day of selling spirituous liquors is immaterial if proved to be within twelve months before filing the information. All the acts of selling before the filing of the information are parts of the same general offence of selling without license.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Information [against S. Smith] for selling spirituous liquors without license on the 10th August, 1798.

On the motion of Mr. Mason, attorney for the United States, THE COURT instructed the jury that the day is immaterial if proved to be within twelve months before filing the information; being of opinion that every act of selling before the filing of the information is part of the same general offence of selling.

Special verdict. Venire facias de novo awarded

---

## Case No. 16,967.

### VIRGINIA v. SMITH.

[1 Cranch, C. C. 47.][1]

Circuit Court, District of Columbia. Jan. Term, 1802.

MUNICIPAL CORPORATIONS—BY-LAWS OF ALEXANDRIA.

The by-laws of 1784 apply to the subsequent addition made to the town of Alexandria by the act of 1797.

Information [against John Smith] for keeping a slaughter-house within the limits of the town of Alexandria, contrary to a by-law of the corporation passed in 1784. The place where the slaughter-house was kept was not within the limits of the town at the time of passing the by-law, but was added to the town by an act of assembly of Virginia in 1797.

Mr. Mason, for the commonwealth, contended that when a new part is added to a town it becomes subject to all the existing laws of that town. The act of assembly of 1797 is express that such new part should be subject to the same regulations as the old.

Mr. Simms, for defendant. A penal law must be construed strictly. In the by-law of 1784, the word limits refers to the then existing limits, and the effect is the same as if it had said that no person should keep a slaughter-house between the Potomac and St. Asaph street, which was then the boundary of the town. If Maryland should be added to Virginia the penal laws of Virginia would not apply to Maryland.

Mr. Jones, on the same side. If a country, by cession or conquest, becomes annexed to another, it remains subject to its old laws until altered by its new sovereign.

Mr. Mason, in reply, was stopped by the court, who instructed the jury that the by-law of 1784 was in force in the addition to the town, and applied as much to that as to the original limits.

Special verdict. Venire facias de novo awarded.

[See Case No. 16,965.]

---

VIRGINIA v. TURNER. See Cases Nos. 16,970 and 16,971.

VIRGINIA v. WISE. See Case No. 16,972.

[1] [Reported by Hon. William Cranch, Chief Judge.]